UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 06-426-JBC

MICHAEL RAY SMITH,                                                    PLAINTIFF,

V.                          MEMORANDUM OPINION AND ORDER

KENTUCKY FRIED CHICKEN, ET AL.,                                      DEFENDANTS.

* * * * * * * * * *

This matter is before the court on the defendants' motion to dismiss or in the

alternative motion to strike or motion for more definite statement (DE 6); the

plaintiff's motion for default judgment (DE 8); the defendants' motion for protective

order (DE 10); and the defendants' motion for a hearing and for a preliminary

injunction (DE 12).

**I. Factual Background**

The plaintiff's claims in this action arise out of an accident that he alleges

occurred on September 14, 2006, at a Kentucky Fried Chicken[1] restaurant in

Danville, Kentucky.  The plaintiff contends that when he entered the restroom on

that day, he slipped and fell in some water that was on the floor of the restroom.

Following this accident, an ambulance was called, and the plaintiff was taken to a

_____

[1]The plaintiff has alleged claims against "Kentucky Fried Chicken" in this
action and refers to this entity as "Kentucky Fried Chicken" or "K.F.C." throughout
his complaint.  Submissions by the defendants show that this entity's true
corporate name is "JRN, Inc. d/b/a Kentucky Fried Chicken."  The court shall
abbreviate this name as "JRN" in this order.

hospital.

While not clearly spelled out in the plaintiff's complaint, it appears from the complaint and documents attached to it that the plaintiff then filed a claim with Liberty Mutual Fire Insurance Company ("Liberty"),[2] which is apparently JRN's liability insurer.  On October 18, 2006, Liberty denied the plaintiff's claim by letter; this letter was written by Diane Dannenfeldt,[3] a claims case manager who is employed by Liberty.

The plaintiff filed this action pro se in Boyle Circuit Court on December 5, 2006, and supplemented his complaint on December 9, 2006.  The defendants removed it to this court on December 27, 2006.  After careful scrutiny of his complaint, the court has determined that the plaintiff seeks relief against JRN for "gross negligence" regarding his slip and fall and against Dannenfeldt and Liberty for malicious prosecution and violations of the Eighth and Fourteenth Amendments to the United States Constitution.

**II. Legal Analysis**

*A. Defendants' Motion to Dismiss*

The defendant has moved the court to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6).  More

---

[2]In his complaint, the plaintiff refers to Liberty as "Liberty Mutual Insurance Company."

[3]In his complaint, the plaintiff refers to Dannenfeldt as "Diane Insurance Adj."

specifically, the defendants claim that the plaintiff's complaint against them should be dismissed for failure to properly serve them with process and that all claims against Liberty and Dannenfeldt should be dismissed for failure to state a claim upon which relief can be granted.  The court will consider the defendants' latter argument first.

i. Motion to Dismiss for Failure to State a Claim

As previously noted, the plaintiff appears to have brought claims against Liberty and Dannenfeldt for violation of his rights under the Eighth and Fourteenth Amendments and for malicious prosecution.  Dismissal for failure to state a claim can be granted only when the defendants establish beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief.  *Hiser v. City of Bowling Green*, 42 F.3d 382, 383 (6th Cir. 1994).  The court must consider the pleadings in the light most favorable to the plaintiff and take the factual allegations in the complaint as true.  *Jones v. Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).

With regard to the plaintiff's constitutional claims, only state actors may be held liable for violations of the Fourteenth Amendment.  *See Moose Lodge No. 107 v. Irvis,* 407 U.S. 163, 172 (1972) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948) (holding that the Equal Protection Clause did not prohibit private conduct, "however discriminatory or wrongful"); *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982) ("[T]he Fourteenth Amendment . . . applies to acts of the states, not to acts

3

of private persons or entities."); *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977) ("Eighth Amendment scrutiny is appropriate only after the *State* has complied with the constitutional guarantees traditionally associated with criminal prosecutions.") (emphasis added).  Liberty and Dannenfeldt are an insurance company and a private person, respectively.  The plaintiff has presented no evidence of their affiliation with any government entity.  Therefore, the court will dismiss the plaintiff's constitutional claims against Liberty and Dannenfeldt.

The plaintiff's malicious prosecution claim is also fatally flawed.  Six basic elements are required for the maintenance of a malicious prosecution action under Kentucky law: (1) the institution or continuation of original judicial proceedings; (2) by, or at the instance of, the defendant; (3) the termination of such proceedings in the plaintiff's favor; (4) malice in the institution of such proceeding; (5) want of probable cause for the proceeding; and (6) the suffering of damage as a result of the proceeding.  *Raine v. Drasin*, 621 S.W.2d 895, 899 (Ky. 1981).  The plaintiff has not alleged that either Liberty or Dannenfeldt ever instituted judicial proceedings against him, and nothing in his complaint would indirectly support such an inference.  The court will dismiss the plaintiff's malicious prosecution claims as well.

ii. Motion to Dismiss for Ineffective Service of Process

The court having dismissed all claims against Liberty and Dannenfeldt, the only claim remaining is the plaintiff's claim for "gross negligence" against JRN.  The

4

defendants assert that this claim should also be dismissed for failure to properly serve JRN pursuant to the Federal and Kentucky Rules of Civil Procedure.

Fed. R. Civ. P. 4(e) provides that "service upon an individual . . . may be effected in any judicial district of the United States . . . pursuant to the law of the state in which the district court is located . . . or . . . by delivering a copy of the summons and of the complaint to the individual personally."  In turn, the Kentucky Rules of Civil Procedure provide that service must be made by mailing the summons and complaint via registered or certified mail or by personally serving the complaint. *See* Ky. R. Civ. P. 4.01.  Ky. R. Civ. P. 4.04(5) further states that "service shall be made upon a corporation by serving an officer or managing agent thereof, or the chief agent in the county wherein the action is brought, or any other agent authorized by appointment or by law to receive service on its behalf."  With regard to non-residents, Kentucky's long-arm statute provides an alternative means of service of process.  *See* K.R.S. § 454.210(3)(b) (stating that service of process may be made on a non-resident "where he may be found [in Kentucky], or on the Secretary of State who, for this purpose, shall be deemed to be the statutory agent of such person").

The plaintiff attempted to serve JRN, which is a Tennessee corporation, by delivering a copy of the complaint and summons to Kris Jones, an assistant manager at the Kentucky Fried Chicken restaurant at which he was injured.  This method of service does not comply with any of the above-described means of

5

serving a defendant with process under Kentucky law.  As a result, the court finds that JRN has not properly been served with process.

This conclusion, however, does not mandate the dismissal of the plaintiff's suit against JRN.  *See Froland v. Yamaha Motor Co., Ltd.*, 296 F. Supp. 2d 1004, 1006 (D. Minn. 2003) ("[D]ismissal is not always required when service has been deemed improper.").  Rather, the better practice is to quash insufficient service of process unless it is clear that the plaintiff cannot effect proper service.  *Id.* at 1008.  The plaintiff, who is proceeding pro se in this action, has clearly attempted to serve JRN in what he believed to be a valid manner, and JRN has made no claim that it is not amenable to service of process or that this court lacks personal jurisdiction over it.  The court will therefore quash the plaintiff's service on JRN but will not dismiss his claim against it.  The court will further direct the Clerk of Court to issue a summons for JRN via the Kentucky Secretary of State.

### B. The Defendants' Alternative Motions to Strike and For a More Definite Statement

The defendants have also moved to strike portions of the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(f) or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(c).  Rule 12(f) permits a court to "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  In his complaint and his supplement thereto, the plaintiff makes numerous offensive and baseless allegations against the defendants, particularly Dannenfeldt.  Most notably, the plaintiff refers to Dannenfeldt as a

"cruel woman" and requests that she be "fired this week" if she refuses to settle his claim.  The plaintiff also implies that, if a rich or powerful person such as President Bush – whom the plaintiff discusses at length in his complaint – suffered the same injuries as the plaintiff, that person would receive better treatment from the defendants than the plaintiff has.

The court finds that the plaintiff's complaint contains a great deal of "redundant, immaterial, impertinent, [and] scandalous matter."  Moreover, much of that material relates only to the plaintiff's claims against Liberty and Dannenfeldt, which claims have already been dismissed by the court.  At this point, there is no simply no reason not to strike any material relating to Liberty or Dannenfeldt from the complaint, as nearly all of this matter consists of unsubstantiated and demeaning allegations against these parties.

The plaintiff's allegations against JRN, however, do have some merit and are generally not scandalous or offensive.  The only references to JRN that should be stricken are: (1) the plaintiff's references to Marian Finch Graves, another JRN customer who suffered an accident similar to the plaintiff's and apparently settled her claim against JRN; (2) the plaintiff's demand that Dannenfeldt's employment be terminated; and (3) the plaintiff's repeated references to JRN's employees as "lazy."  These portions of the plaintiff's complaint are all irrelevant to this action.

In sum, the court will order the entirety of the plaintiff's complaint and the supplement thereto entitled "More Evidence for Hon Jurors to Consider" stricken, with the exception of: (1) the case caption and "Statement of Claim" on the first

7

page of the complaint; (2) Paragraph 1 of the section entitled "Damages" on pages one and two of the complaint; and (3) the first sentence of Paragraph 2 of the section entitled "Damages" on page two of the complaint.  These sections adequately describe the plaintiff's tort claim against JRN without unnecessarily demeaning the defendants or introducing impertinent material into this action.

In light of the court's ruling on the plaintiff's motion to strike, the court will deny the defendants' motion for a more definite statement.  As previously noted, the parts of the complaint that have not been stricken are sufficient to inform JRN of the nature and substance of the plaintiff's claim against it and the damages he seeks in relief.

### C. The Plaintiff's Motion for Default Judgment

The plaintiff moves for default judgment against the defendants on the ground that they did not file a pleading in response to his complaint within 20 days of its service upon them.  *See* Fed. R. Civ. P. 12(a)(1)(A); Ky. R. Civ. P. 12.01.  A court may enter a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by [the Federal Rules of Civil Procedure]."  Fed. R. Civ. P. 55.  Judgment by default is a drastic step which should be resorted to only in the most extreme cases.  *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983).  In order to obtain a default judgment, a plaintiff must properly serve a defendant with a copy of the summons and complaint in accordance with the Federal Rules of Civil Procedure and applicable state rules.  *Rankel v. Town of*

8

*Greenburgh*, 117 F.R.D. 50, 53 (S.D.N.Y. 1987).  As previously noted, the plaintiff

has failed to properly serve JRN under the Federal and Kentucky Rules of Civil

Procedure.  The court will therefore deny the plaintiff's motion.

  *D. The Defendants' Motion for Protective Order and for a Hearing and Preliminary Injunction*

  The defendants have moved, pursuant to Fed. R. Civ. P. 26(c), for the entry

of a protective order that would prohibit the plaintiffs from contacting any of the

defendants or the defendants' employees regarding his allegations in this lawsuit.

The plaintiffs also move, pursuant to Fed. R. Civ. P. 65, for a preliminary injunction

that would enjoin the plaintiff from: (1) committing or threatening to commit any

act likely to result in injury to any employee of the defendants or counsel for the

defendants; (2) coming with 1000 feet of JRN, Inc. d/b/a KFC (store #0277) or

Liberty Mutual Fire Insurance Company or any employee of those entities; (3)

engaging in any conduct intended to intimidate or harass any employee of these

entities.  As grounds for these motions, the defendants allege that the plaintiff has

repeatedly contacted representatives of and counsel for the defendants and made

threatening and insulting statements to those persons.

  While the court is sympathetic to the defendants' dilemma, the relief they

request is not within the purview of this court.  Rule 26(c) deals with protection

from abusive and harassing discovery; it is not meant to limit a party's

communications with other parties.  An injunction also will generally not issue to

restrain torts, such as defamation or harassment, against the person because there

is usually an adequate remedy at law which may be pursued in seeking redress for such abuses. *Alberti v. Cruise*, 383 F.2d 268, 272 (4th Cir. 1967). Finally, an order prohibiting the plaintiff from contacting the defendants or their counsel, even in an unwelcome manner, would run the risk of violating the plaintiff's First Amendment rights as a prior restraint.

The court is aware that the plaintiff has already cast several unwarranted aspersions on the defendants in what is still a relatively new case. Nonetheless, the issuance of restraining orders to prohibit unwanted or potentially dangerous personal contact is a matter for law enforcement agencies, and, if the defendants or their counsel are truly concerned for their safety, they are free to contact their local police force. However, the fact that the plaintiff has made offensive or threatening communications to them does not entitle them to the broad injunctive relief they now seek from this court. The court will deny the defendants' motions.

### E. Admonition to the Plaintiff

Notwithstanding its ruling in the previous section, the court notes that the plaintiff has referred to the defendants, their employees, and their counsel in a disparaging, offensive, and menacing manner throughout his prosecution of this action. In addition to the statements referred to earlier in this opinion, the plaintiff has implied that Dannenfeldt would rather force patrons of Kentucky Fried Chicken to "piss on [themselves]" than require JRN employees to clean its restaurants. In his response to the defendants' motion to dismiss, the plaintiff states that the defendants "wasted" their money in hiring their counsel because said counsel "does

10

not know what she is doing." Most disturbingly, the plaintiff has alleged that if his case is not settled, he plans to seek the arrest and disbarment of defense counsel along with a $500,000 claim against her.

The court is also aware that the plaintiff has filed at least ten other pro se cases in this court over the past ten years, including a Social Security Appeal decided four months ago by the undersigned. *See Smith v. Appeals Council in Falls Church, VA*, Civ. A. No. 5:05-cv-279-JBC (E.D. Ky. Sept. 1, 2006). In one of his more recent lawsuits, the plaintiff accused another United States District Judge of exhibiting racial prejudice in the repeated dismissal of his lawsuits. *See Smith v. Peckler, et al.*, Civ. A. No. 5:05-cv-190-KSF, DE 14.

The court recognizes that the plaintiff is proceeding pro se in this action. A plaintiff's pro se status, however, does not grant him an unfettered license to wage an endless campaign of harassment against defendants or to abuse the judicial process. *Pfeifer v. Valukas, et al.*, 117 F.R.D. 420, 423 (N.D. Ill., 1987); *see also Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981) ("No one, rich or poor, is entitled to abuse the judicial process."). District courts possess the power to impose sanctions against parties who file malicious and unsubstantiated pleadings; such sanctions may range from monetary penalties, *see, e.g., Pfeifer*, 117 F.R.D. at 423-24, to permanent injunctions against filing civil lawsuits. *See, e.g., Triparti v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989).

Based on the pleadings the plaintiff has filed to date, his slip-and-fall claim against JRN does not appear to be frivolous. That fact notwithstanding, the

11

plaintiff's behavior in pursuing that claim and his prior claims before this court is wholly unacceptable. The plaintiff is not entitled to harass, annoy, and threaten the defendants and their counsel merely because he is pursuing a claim in federal court. The plaintiff is hereby warned that any pleadings or other communications that serve no purpose other than an attempt to embarrass or intimidate will result in an appropriate sanction.

### III. Conclusion

Accordingly,

**IT IS ORDERED** as follows:

(1) The defendant's motion to dismiss (DE 6) is **GRANTED** to the extent that all claims against the defendants Liberty Mutual Fire Insurance Company and Diane Dannenfeldt are **DISMISSED WITH PREJUDICE**. The remainder of the motion is **DENIED**.

(2) The Clerk shall issue summons for JRN, Inc. d/b/a Kentucky Fried Chicken.

(3) As the plaintiff has not provided any instructions regarding method of service, the Clerk shall forward the summons to the United States Marshal.

(4) The United States Marshal is directed to serve JRN, Inc. d/b/a Kentucky Fried Chicken with the summons and a copy of the complaint, by serving these documents on the Kentucky Secretary of State, who is deemed the proper agent for service of process on JRN, Inc. d/b/a Kentucky Fried Chicken pursuant to K.R.S. § 454.210(3)(b).

(5) The defendants' motion to strike (DE 6) is **GRANTED** insofar as the entirety of the plaintiff's complaint and the supplement thereto entitled "More Evidence for Hon Jurors to Consider" are **STRICKEN**, with the exception of: (1) the case caption and "Statement of Claim" on the first page of the complaint; (2) Paragraph 1 of the section entitled "Damages" on pages one and two of the complaint; and (3) the first sentence of Paragraph 2 of the section entitled "Damages" on page

two of the complaint.

(6)     The defendants' motion for a more definite statement (DE 6) is
        **DENIED**.

(7)     The plaintiff's motion for default judgment (DE 8) is **DENIED**.

(8)     The defendants' motion for a protective order (DE 10) is **DENIED**.

(9)     The defendants' motion for a hearing and for a preliminary injunction
        (DE 12) is **DENIED**.


Signed on January 17, 2007

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY