UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 06-426-JBC

MICHAEL RAY SMITH,                                                                      PLAINTIFF,

V.                         MEMORANDUM OPINION AND ORDER

KENTUCKY FRIED CHICKEN,                                                       DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the summary judgment motion of defendant JRN, Inc., d/b/a Kentucky Fried Chicken (hereinafter "JRN"). DE 58. The court, having reviewed the record, including a supplemental filing by the plaintiff, DE 61, and being otherwise advised, will grant the motion.

I. Factual Background

On the morning of September 14, 2006, the plaintiff, Michael Ray Smith, visited a Kentucky Fried Chicken restaurant operated by JRN in Danville, Kentucky. After placing a food order, Smith went to use the restroom the restaurant makes available to customers. During his visit to the restroom he slipped and fell on the floor. The plaintiff alleges he suffered injuries and resulting and ongoing medical bills as a result of this fall, a contention the JRN does not contest in its motion for summary judgment. DE 58-2, 2.

In deposition, Smith stated he took "maybe two" steps into the restroom before slipping, the last thing he remembered seeing when he slipped was "toilet

paper and water and trash," and there was "no wet-floor sign" in the restroom at the time he slipped and fell. When asked if he bore any of the responsibility for the accident, Smith stated he "might bear 10 to 20 percent at most" because he had "vaguely seen the water" when he entered the restroom "but that wasn't enough to stop [him] from trying to use the bathroom" because, in the words of defense counsel, he "had to go really bad." After the plaintiff's fall, an ambulance was called and Smith was taken out of the restroom on a stretcher. DE 58-2, 1-4; DE 59-1, 1-2. He then brought this negligence action.

## II. Standard of Review

Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The moving party can satisfy its burden by demonstrating an absence of evidence to support the non-moving party's case. *Id*. at 324-25. To survive summary judgment, the non-moving party must come forward with evidence on which the jury could reasonably find in its favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986). The non-moving party must present more than a mere scintilla of evidence to defeat a motion for summary judgment. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989); Fed. R. Civ. Pro. 56(e). The court must view all of the evidence in the light most favorable to the party opposing summary judgment. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III. Legal Analysis

In order to make out a claim of negligence, a plaintiff "must establish the three fundamental elements common to all negligence claims: 'a duty, a violation thereof, and consequent injury. The absence of any one of the three elements is fatal to the claim.'" *James v. Meow Media, Inc.*, 90 F. Supp. 2d 798, 802 (W.D. Ky. 2000) (citing *M & T Chemicals, Inc. v. Westrick*, 525 S.W.2d 740, 741 (Ky. 1974)). *See also Grisham v. Wal-Mart Stores, Inc.*, 929 F. Supp. 1054, 1056 (E.D. Ky. 1995). The plaintiff has focused much of his energy in this case on providing evidence of his injuries, *see, e.g.*, DE 57-1, and JRN does not contend the plaintiff was not injured. Instead, JRN asserts (1) it had no duty to warn Smith about the condition of the bathroom floor and (2) even if it did have a duty to warn him, the plaintiff did not exercise reasonable care in protecting himself from injury.

**A. Duty to Warn**

JRN's assertion it had no duty to warn Smith is based on the principles of premises liability, under which the plaintiff was an invitee because he came to the defendant's restaurant "in some capacity connected with the business of the possessor." *Hardin v. Harris*, 507 S.W.2d 172, 174 (Ky. 1974). As a "business invitee," the plaintiff was owed a "duty of reasonable care to discover the existence on [the owner's] premises of a dangerous condition." *Perry v. Williamson*, 824 S.W.2d 869, 875 (Ky. 1992). However, "[t]here is no duty to warn an invitee concerning open and obvious conditions[.]" *Reece v. Dixie Warehouse and Cartage Co.*, 188 S.W.3d 440, 450 (Ky. Ct. App. 2006) (citing *Shipp v. Johnson*, 452 S.W.2d 828, 830 (Ky. 1969)).

3

Before finding genuine issues of material fact existed "as to whether [a] drop-off presented an open and obvious hazard," the Kentucky Court of Appeals in *Reece* noted, "'[o]bvious' is defined as meaning 'that both the condition and the risk are apparent to and would be recognized by a reasonable man in the position of the visitor exercising ordinary perception, intelligence and judgment.'" *Id.* (citing *Bonn v. Sears, Robuck & Co.*, 440 S.W.2d 526, 629 (Ky. 1969)).  Therefore, the question presented regarding JRN's duty to warn is whether the wet and trash-covered restroom floor and the risk of slipping and falling were "open and obvious" dangers.  Put differently, the question is whether the danger of falling would have been apparent to and recognized by a "reasonable person" in the position of Smith, an invitee, "exercising ordinary perception, intelligence and judgment."  If the condition in the restroom was "open and obvious," JRN had no duty to warn Smith because "[r]easonable care on the part of the possessor of business premises does not ordinarily require precaution or even warning against dangers that are known to the visitor or so obvious to him that he may be expected to discover them." *Bonn*, 440 S.W.2d at 528.

Smith's deposition testimony reveals that the hazards were indeed "open and obvious."  He conceded that ". . . the last thing [he] remembers seeing . . . [were] [t]oilet paper and water."  DE 58-2, 4.  The plaintiff also stated he "might bear 10 to 20 percent at most" of the responsibilty for the accident because he "vaguely" saw "the water when [he] went in [the restroom], but that wasn't enough to stop [him] from trying to use the bathroom."  DE 58-2, 5.

4

In a factually similar case based on Kentucky law, the defendant was granted summary judgment despite asserted defenses of comparative fault and distraction. In *Thompson v. Breeding*, 351 F.3d 732 (6th Cir. 2003), a plaintiff had fallen after noticing a wet spot. *Id.* at 734-35. The court held that "the open and obvious nature of the wet spot precluded Thompson from demonstrating that any of the defendants owed her a duty with respect to that hazard" because "under Kentucky law, no duty arises with respect to hazards that are open and obvious." *Id.* at 737. The admission "that the wet spot 'was obvious . . . to anyone who was looking'" was "sufficient to defeat her negligence claim." *Id.* Just as Smith was rushing because he urgently needed to use the restroom, the plaintiff in *Thompson* was rushing to intercept suspected thieves – a distraction the Sixth Circuit found unpersuasive. Moreover, the Sixth Circuit found unpersuasive the plaintiff's argument that Kentucky's comparative-fault scheme should preclude summary judgment because "[t]he doctrine of comparative fault . . . presupposes that a defendant is liable for negligence in the first place – which cannot be demonstrated in this case." *Id.* at 738. Therefore, Smith's apparent reference to comparative fault (that he may bear 10-20% of the fault) must be rejected as a defense because, as in *Thompson*, liability for negligence, a necessary prerequisite for the comparative-fault analysis, is absent.

In a supplemental filing, DE 61, Smith offers two documents which state that his case has "merit." DE 15. Neither document, however, amounts to evidence that can create a genuine issue of material fact as to whether the water

and garbage on the floor of the restroom on which the plaintiff slipped were open and obvious. The first, a letter from a law firm declining to accept his case, includes at best a legal conclusion that is not binding on the court and also is not evidence. The second, a portion of this court's opinion and order granting in part JRN's motion to strike certain pleadings, relates only to the court's finding that the allegations "are generally not scandalous or offensive." DE 15, 7. The court's statement was a legal conclusion on the limited issue of whether the statements should be stricken from the record; the court's statement did not relate to liability. Consequently, these documents do not alter the legal conclusion that no reasonable jury could find that the defendant had a duty to warn the plaintiff of an open and obvious hazard in its restroom, and the plaintiff's negligence claim still must fail.

**B. Plaintiff's Duty to Exercise Reasonable Care for His Own Protection**

Because the defendant did not owe the plaintiff a duty to warn in the first place, a negligence action will not lie and it is unnecessary to address the defendant's second defense that the plaintiff was not exercising reasonable care for his own protection against injury.

**IV. Conclusion**

Accordingly,

**IT IS ORDERED** that the defendant's motion for summary judgment (DE 58) is **GRANTED**.



JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY

Signed on November 26, 2007